# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: November 1, 2024

| | |
|---|---|
| * * * * * * * * * * * * <br> SHELBY MCDONOUGH, <br> *parent of L.M., a minor*, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * | No. 24-243V <br><br> Special Master Gowen |

*Christina Ciampolillo,* Conway Homer, P.C., Boston, MA, for petitioner.
*Meghan Murphy,* U.S. Department of Justice, Washington, D.C., for respondent.

### **RULING ON ENTITLEMENT**[1]

On February 16, 2024, Shelby McDonough, parent of L.M. ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program.").[2] Petition (ECF No.1). Petitioner alleges that as a result of L.M. receiving the diphtheria, tetanus, and acellular pertussis ("DTap"); measles, mumps, and rubella ("MMR"); varicella; and inactivated polio ("IPV") vaccines ("the vaccines") on September 17, 2021, L.M. suffered from cellulitis and subsequent scarring. *Id.*

On October 31, 2024, respondent filed the Rule 4(c) report recommending that compensation be awarded to petitioner. Respondent's Rule 4c Report ("Res't Rept.") (ECF No. 18). Respondent stated, "Based on an evaluation of the medical evidence, and for the reasons explained below, it is respondent's position that L.M. sustained cellulitis that was caused-in-fact by the vaccinations she received on September 17, 2021." *Id.* at 1. Further, the Rule 4(c) states,

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this unpublished opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

"While petitioner has not established a Table injury, medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"), have reviewed the petition and supporting documentation filed in this case and concluded that L.M. developed cellulitis and residual hyperpigmentation on her left thigh, which in fact was more likely than not caused by administration of her vaccinations at the same location." *Id.* at 3.  No other causes for L.M.'s cellulitis have been identified and her skin changes, including residual hyperpigmentation, persisted at least twenty-six months after vaccination.  *Id.*  As the record stands, petitioner has satisfied all legal prerequisites for compensation under the Act.  *Id.*

      A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required 42 U.S.C. § 13; Vaccine Rule 8(d). In light of respondent's recommendation and my own review of the record, petitioner has established that L.M. suffered from cellulitis and subsequent skin changes at the injection site as a result of receiving the vaccines on September 17, 2021,  no other causes for L.M.'s cellulitis and residual skin changes have been identified, and L.M.'s residual symptoms have lasted for longer than six-months, satisfying the requirements of the Vaccine Act.  Therefore, petitioner is entitled to compensation.[3] This matter shall now proceed to the damages phase.

      **IT IS SO ORDERED.**

      **s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Petitioner is entitled to compensation for L.M.'s cellulitis and related sequelae as a result of receiving the vaccines on September 17, 2021.