# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 26, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| SHELBY MCDONOUGH, | * | |
| *parent of L.M., a minor*, | * | |
| | * | |
| Petitioner, | * | No. 24-243V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Christina Ciampolillo,* Conway Homer, P.C., Boston, MA, for petitioner.
*Meghan Murphy,* U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON DAMAGES[1]

On February 16, 2024, Shelby McDonough, parent of L.M. ("petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program.").[2] Petition (ECF No.1). Petitioner alleges that as a result of L.M. receiving the diphtheria, tetanus, and acellular pertussis ("DTap"); measles, mumps, and rubella ("MMR"); varicella; and inactivated polio ("IPV") vaccines ("the vaccines") on September 17, 2021, L.M. suffered from cellulitis and subsequent scarring. *Id.* Respondent filed a Rule 4(c) report recommending petitioner be compensated and I entered a Ruling on Entitlement on November 1, 2024, finding that petitioner is entitled to compensation for L.M.'s cellulitis and subsequent scarring. Ruling on Entitlement (ECF No. 20).

On February 25, 2025, respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. Proffer (ECF No. 26). Based on the record as a whole, I find the

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this unpublished opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

proffer reasonable and adopt it as the Decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the Proffer, Section III, I award petitioner:

(A) A lump sum payment of $17,500.00 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as guardian/conservator of L.M., for the benefit of L.M.

(B) A lump sum of $18.14, representing compensation for past unreimbursable expenses, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

(C) A lump sum payment of $41.56, representing compensation for satisfaction of the State of Tennessee Medicaid lien, in the form of a check payable jointly to petitioner and:

> BlueCross BlueShield of Tennessee
> 1 Cameron Hill Circle
> Suite 0008
> Chattanooga, TN 37402-0008

Petitioner agrees to endorse the check to BlueCross BlueShield Tennessee for satisfaction of the Medicaid lien.

These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).

I approve the requested amount for petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment herewith.[3]

**IT IS SO ORDERED.**

                                                    **s/Thomas L. Gowen**
                                                    Thomas L. Gowen
                                                    Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SHELBY MCDONOUGH, parent of L.M., a minor, ) ) ) ) Petitioner, ) ) v. ) ) SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) Respondent. ) ) | No. 24-243 Special Master Gowen ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Procedural History**

On February 16, 2024, Shelby McDonough ("petitioner") filed a petition on behalf of her minor child, L.M., for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The petition alleges that L.M. suffered from cellulitis and subsequent scarring as a result of receiving the following vaccinations on September 17, 2021: diphtheria, tetanus, and acellular pertussis ("DTaP"); measles, mumps, and rubella ("MMR"); varicella; and inactivated polio ("IPV") (collectively, "vaccinations"). See Petition at 1.

On October 31, 2024, respondent filed his Vaccine Rule 4(c) report, concluding that L.M. sustained cellulitis and subsequent skin changes, including scarring, that were caused-in-fact by the vaccinations she received on September 17, 2021. On November 1, 2024, Special Master Gowen issued a ruling on entitlement, finding that petitioner was entitled to compensation for L.M.'s cellulitis and subsequent scarring.

## II.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner, for the benefit of L.M., should be the following:

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded $17,500.00 for L.M.'s pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to L.M.'s vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $18.14. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

### C. Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Tennessee Medicaid ("TennCare") lien in the amount of $41.56, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Tennessee may have against any individual as a result of any Medicaid payments the State of Tennessee has made to or on behalf of L.M. from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 17, 2021 under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## III.     Form of the Award

The parties recommend that the compensation provided to L.M. should be made through a combination of lump sum payments as described below, and request that Special Master

Gowen's decision and the Court's judgment award the following:[1]

    A. A lump sum payment of **$17,500.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner as guardian/conservator of L.M., for the benefit of L.M.  Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of L.M.'s estate under the laws of the State of Tennessee.  No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of L.M.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of L.M., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of L.M. upon submission of written documentation of such appointment to the Secretary.  Further, if guardianship is no longer required under the laws of the state of Tennessee after L.M. has attained the age of majority, any such payment shall be paid to L.M. upon submission of written documentation of the termination of guardianship to the Secretary;

    B. A lump sum payment of **$18.14**, representing compensation for past unreimbursable expenses, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner; and

    C. A lump sum payment of **$41.56**, representing compensation for satisfaction of the

---

[1] Should L.M. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

3

State of Tennessee Medicaid lien, in the form of a check payable jointly to petitioner and:

BlueCross BlueShield of Tennessee<br>
1 Cameron Hill Circle<br>
Suite 0008<br>
Chattanooga, Tennessee 37402-0008

Petitioner agrees to endorse the check to BlueCross BlueShield Tennessee for satisfaction of the Medicaid lien.

### IV. Summary of Recommended Payments Following Judgment

A. Lump Sum paid to petitioner as guardian/conservator of the estate of L.M. for the benefit of L.M.: **$17,500.00**

B. Past unreimbursable expenses payable to petitioner: **$18.14**

C. Reimbursement of Medicaid lien payable jointly to Petitioner and BlueCross BlueShield of Tennessee: **$41.56**

Respectfully submitted,

MICHAEL GRANSTON
Deputy Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

                                      /s/ *Meghan R. Murphy*
                                      MEGHAN R. MURPHY
                                      Trial Attorney
                                      Torts Branch, Civil Division
                                      U.S. Department of Justice
                                      P.O. Box 146
                                      Benjamin Franklin Station
                                      Washington, D.C. 20044-0146
                                      Tel:  (202) 616-4264
                                      meghan.r.murphy@usdoj.gov

DATED:  February 25, 2025